**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EMIR ITZAYAN QUIROA PACHECO,
a/k/a Rayito,

    Defendant - Appellant.

No. 22-1298
(D.C. No. 1:21-CR-00231-PAB-5)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Emir Itzayan Quiroa Pacheco pleaded guilty to distribution and possession

with intent to distribute 50 grams and more of methamphetamine, and he received a

94.5-month prison sentence.  He has appealed from that sentence despite the appeal

waiver in his plea agreement.  The government moves to enforce that waiver under

_United States v. Hahn_, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  Pacheco has

filed a response through counsel, and he now chooses not to oppose the motion.

When deciding a motion to enforce an appeal waiver, we normally ask:

"(1) whether the disputed appeal falls within the scope of the waiver of appellate

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. But we need not address a *Hahn* factor the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Given Pacheco's non-opposition, he does not address the *Hahn* factors, so we do not address them either. We therefore grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam